**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

CARA N. MENSING, )
 )
 Plaintiff, )
 )
v. ) Case No. CIV-17-013-KEW
 )
COMMISSIONER OF THE SOCIAL )
SECURITY ADMINISTRATION, )
 )
 Defendant. )

**OPINION AND ORDER**

Plaintiff Cara N. Mensing (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 53 years old at the time of the ALJ's decision. Claimant completed her high school education and two years of college. Claimant has worked in the past as a loan servicing officer. Claimant alleges an inability to work beginning January 1, 2011 due to limitations resulting from back, hip, buttock, and leg pain, pain in the knees and hands, anxiety and problems with focus.

**Procedural History**

On February 4, 2013, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On May 19, 2015, Administrative Law Judge ("ALJ") Edmund C. Werre conducted an administrative hearing in Tulsa, Oklahoma. On June 8, 2015, the ALJ entered an unfavorable decision. The Appeals Council denied review on November 9, 2016. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform her past relevant work.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to consider the combined effect of her mental and physical impairments; and (2) failed to perform a proper credibility determination.

**Consideration of Claimant's Combined Impairments**

4

In his decision, the ALJ found Claimant suffered from the severe impairments of rheumatoid arthritis, osteoarthritis and mild to moderate osteoarthritis in the bilateral hands. (Tr. 21). The ALJ determined Claimant retained the RFC to perform light work except with lifting up to 20 pounds, no more than the frequent lifting or carrying up to ten pounds, standing/walking for six hours in an eight hour workday, sit for six hours out of an eight hour workday, and no climbing ladders, ropes, or scaffolds. (Tr. 23).

After consultation with a vocational expert, the ALJ determined Claimant could perform her past relevant work as a loan servicing officer, performed at a sedentary exertional level, skilled, SVP 8. (Tr. 25). Alternatively, the ALJ found Claimant could perform the representative jobs of registration clerk and data entry, both of which the ALJ concluded existed in sufficient numbers in both the regional and national economies. (Tr. 26). As a result, the ALJ concluded that Claimant was not under a disability from January 1, 2011 through the date of the decision. Id.

Claimant first contends the ALJ erred in failing to consider her "chronic pain disorder, anxiety, depression, and ADHD" as severe impairments at step two. She reasons that she had been prescribed several pain medications to treat her pain which justified the inclusion of a "chronic pain disorder" in the severe impairments.

5

As an initial matter, to the extent Claimant argues that the failure to include "chronic pain disorder" as a severe impairment at step two constitutes reversible error, the case authority stands to the contrary. Where an ALJ finds at least one "severe" impairment, a failure to designate another impairment as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. <u>Brescia v. Astrue</u>, 287 F. App'x 626, 628-629 (10th Cir. 2008). The failure to find that additional impairments are also severe is not cause for reversal so long as the ALJ, in determining Claimant's RFC, considers the effects "of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'" <u>Id</u>. quoting <u>Hill v. Astrue</u>, 289 F. App'x. 289, 291-292, (10th Cir. 2008).

Moreover, the burden of showing a severe impairment is "de minimis," yet "the mere presence of a condition is not sufficient to make a step-two [severity] showing." <u>Flaherty v. Astrue</u>, 515 F.3d 1067, 1070-71 (10th Cir. 2007) quoting <u>Williamson v. Barnhart</u>, 350 F.3d 1097, 1100 (10th Cir. 2003); Soc. Sec. R. 85-28. At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits

[his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

Claimant has not cited to the findings of any medical professional who has specifically diagnosed her with "chronic pain disorder" as a medical condition. The mere fact that Claimant has taken pain medication or even been attended by pain management specialists does not render the pain as a separate severe impairment. Claimant essentially urges that the Court diagnose her with an undiagnosed condition. Point in fact, the ALJ considered both the fact Claimant stated she had pain and underwent treatment for opioid dependence in reaching his decision on the severity of Claimant's medical conditions. (Tr. 24-25). It was not error for the ALJ not include "chronic pain disorder" as a separate severe impairment at step two.

Claimant also contends the ALJ should have considered her

7

anxiety, depression, and ADHD as severe. The ALJ adequately described the basis for not finding these mental conditions as severe impairments. (Tr. 21-23).

Claimant next asserts that the ALJ should have included her anxiety, depression, ADHD, and "chronic pain disorder" in the hypothetical questioning of the vocational expert. "Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991). In positing a hypothetical question to the vocational expert, the ALJ need only set forth those physical and mental impairments accepted as true by the ALJ. Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir. 1990). Additionally, the hypothetical questions need only reflect impairments and limitations borne out by the evidentiary record. Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996). Moreover, Defendant bears the burden at step five of the sequential analysis. Hargis, 945 F.2d at 1489.

As the ALJ indicated, Dr. Theresa Horton conducted a mental status examination of Claimant on April 17, 2013. She concluded Claimant's appearance, behavior, and speech were appropriate and thought processes were logical, organized, and goal directed.

Claimant exhibited no unusual thought content. She experienced no perceptual abnormalities. Her mood was predominantly depressed with intermittent anxiety but her affect was content congruent and expressive. She was oriented to person, place, time, and situation, her memory was intact, her concentration was adequate, and she appeared to have an adequate fund of information and was of average intelligence. Claimant presented with appropriate judgment but poor insight. (Tr. 547). Dr. Horton diagnosed Claimant with Major Depressive Disorder, Recurrent, Mild to Moderate and Anxiety Disorder, NOS. She concluded that Claimant

> appears capable of understanding, remembering and managing most simple and complex instructions and tasks with adequate social/emotional adjustment into most settings, including many occupational settings. She has been out of the employment market for some time, and may benefit from assistance such as a displaced worker type program to offer training and assistance in finding appropriate employment.

(Tr. 548).

On July 10, 2014, Claimant was attended by Dr. Stephen R. Kovacs concerning her opioid dependence. He found Claimant was oriented to time, place, and person with no acute distress and a normal mood. Her memory, insight, and judgment were normal and she exhibited no danger to herself or to others. (Tr. 701).

While Claimant's mood was often sad throughout the record, it was also often found to be appropriate for the situation and

9

sometimes described as "pleasant". (Tr. 60, 64, 87, 89, 91, 93, 98, 100, 135, 137, 139). Claimant was consistently found to have normal thought processes, adequate memory, average intelligence. Id. The evidence simply does not support the inclusion of these mental conditions in the hypothetical questioning of the vocational expert. This Court finds no error at steps two, four, or five as suggested by Claimant.

### Credibility Determination

Claimant contends that the ALJ did not consider the taking of pain medication and other actions to alleviate pain in discounting her credibility.[2] The ALJ accurately recited that Claimant testified she could lift 10-20 pounds, stand 10-15 minutes, and sit for about an hour. (Tr. 24, 240-41). She also testified that she tested positive for rheumatoid arthritis. She went off pain management in September of 2013. (Tr. 24, 247). Claimant also testified to extensive activities of daily living. (Tr. 248, 250, 263). The ALJ properly relied upon this information in making his credibility assessment. (Tr. 25).

It is well-established that "findings as to credibility should

---

[2] Curiously, Claimant also states in the briefing (Claimant's Opening Brief, p. 8) that "[t]he ALJ ignores the increasing amount of medication Claimant requires to treat her cardiac symptoms" citing to Tr. 655 and 660. Neither of these pages in the transcript mention treatment for a cardiac symptom or even the presence of such a symptom.

be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

The ALJ relied upon appropriate factors in evaluating the credibility of Claimant's statements. The nature of Claimant's treatment, the objective medical testing, and the inconsistencies

between the claimed restrictions and Claimant's activities all form specific and legitimate reasons for the ALJ's questioning of Claimant's credibility.

### Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

IT IS SO ORDERED this 24th day of September, 2018.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE